## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VICKI LEE YOUNG,

        Plaintiff,

v.

        CASE NO. 8:19-cv-005-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,[1]

        Defendant.

_____

## O R D E R

The plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits (Doc. 12).[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, and the plaintiff does not identify reversible error, the decision will be affirmed.

### I.

The plaintiff, who was fifty-five years old on the date that she was last insured and who has a college associate's degree in nursing, has worked as a registered nurse (Tr. 60, 273). She filed a claim for Social

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

Security disability benefits, alleging that she became disabled on March 27, 2013, due to chronic abdominal wall pain (Tr. 273). The plaintiff's claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had, through her last date insured, the severe impairment of chronic abdominal pain (Tr. 19). The law judge determined, with that impairment, the plaintiff had the following residual functional capacity during the pertinent time period (Tr. 21):

> [She could] perform medium work as defined in 20 CFR 404.1567(c) except the claimant should never climb ladders, ropes or scaffolds but can occasionally stoop, kneel, crouch or crawl. She should avoid concentrated exposure to unprotected heights, excessive vibration, and hazardous machinery.

The law judge concluded, based on the testimony of a vocational expert, that the plaintiff's residual functional capacity did not preclude her from performing past relevant work as a registered nurse (Tr. 24).[3] Consequently, the law judge found that the plaintiff was not disabled

---

[3]The vocational expert also stated that the plaintiff's skills as a registered nurse were transferrable to sedentary work such as a nurse consultant and jobs in the insurance industry (Tr. 60–61).

from her alleged onset date of March 27, 2013, through June 30, 2013, her date last insured. Id. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, the plaintiff must show that she became disabled before her insured status expired on June 30, 2013. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

3

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion."  Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it

is the responsibility of the Commissioner to draw inferences from the

evidence, and those inferences are not to be overturned if they are supported

by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's

decision is supported by substantial evidence, the court is not to reweigh the

evidence, but is limited to determining whether the record as a whole

contains sufficient evidence to permit a reasonable mind to conclude that the

claimant is not disabled.  However, the court, in its review, must satisfy itself

4

that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The relevant time period for this claim is the three-month period between March 27, 2013 (the alleged disability onset date) and June 30, 2013 (the last date the plaintiff was insured for disability benefits). Thus, the plaintiff must identify evidence compelling the law judge to find that she became disabled during this time period.

The plaintiff challenges the denial of her claim on the sole ground that "[t]he ALJ's Assessment to give treating pain management Dr. Ashcra[f]t's opinion 'very little weight' was not proper" (Doc. 12, p. 17). This contention is meritless. Moreover, in light of the Scheduling Order and Memorandum Requirements, any challenge to the law judge's findings regarding the plaintiff's physical or mental impairments and the residual functional capacity is forfeited (Doc. 10, p. 2).

Dr. Scott Ashcraft was the plaintiff's pain management physician from October 17, 2013 to the Fall of 2016 (see Tr. 843). In a letter dated December 7, 2015 (more than two years after the plaintiff was last insured), Dr. Ashcraft expressed his opinion of the plaintiff's functioning (Tr. 706). It states:

5

> To whom it may concern:
>
> I have been responsible for the care of Vicki Young since October of 2013. She suffers from chronic severe postoperative abdominal wall pain secondary to a complicated case of cholecystitis. She is currently managed with weekly injections into the tender regions and significant doses of opioid medications after failing all other conservative therapies.
>
> Her pain is present at all times and precludes her from working as a nurse. She cannot lift or stand for extended periods without pain. She requires frequent rest to improve her symptoms. Her medical regimen makes desk work impossible as well. With regards to the duration of this disability, we continue to work on finding a long lasting treatment, but at this time the condition should be considered to be of indefinite duration.

The law judge acknowledged the plaintiff's treatment with Dr.

Ashcraft, and quoted the relevant portions of his letter, but gave the opinion

"very little weight" (see Tr. 22, 23, citing Exh. 7F). The law judge explained

(Tr. 23):

> Dr. Ashcr[a]ft did not treat the claimant during the relevant period.[4] His treatment notes reflect the claimant was very active and traveled extensively which is inconsistent with disabling medical impairments (see above). Consequently, the undersigned gives this opinion very little weight.

---

[4] The law judge refers to Dr. Ashcraft as "Ashcroft."

6

The law judge expounded (id.):

> In addition[] to the overall grossly negative objective studies, the claimant has led an active lifestyle.  Scott Ashcr[a]ft, M.D., noted the claimant bicycled five miles three. times a week (Exh. 3F/50).  Treatment notes reflect that the claimant was traveling in August of 2013.  Other records indicate that the claimant traveled to Florida, she was taking trips, traveled to England, walked in a 10K event, and went on vacation (Exh. 15F/84, 131, 154, 173; Exh. 2F/16, 15F/31).

The law judge also noted the plaintiff reported in a pain diary from January-February 2017 activities such as "walking the dogs, sweeping the garage, painting doors, grocery shopping, doing laundry, bathing her dogs, assembling new cabinets, walking one mile, [and] working in the yard" (id.).  Although the law judge gave that evidence no weight for the relevant time period, he noted that it shows generally the plaintiff's "activity level is inconsistent with the severity and frequency of pain she alleged" (id.).

Opinions from treating physicians are entitled to substantial or considerable weight unless good cause is shown to give it less weight.  Hargress v. Social Security Administration, Commissioner, 883 F.3d 1302, 1305 (11th Cir. 2018).  Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own

medical records.   Id.   Furthermore, a treating physician's opinion issued after the date last insured is "relevant only for the light it sheds, if any, on [the plaintiff's] condition as it existed [during the alleged disability period]." Anderson v. Schweiker, 651 F.2d 306, 311, n.3 (5th Cir. 1981).

The law judge stated good cause for discounting Dr. Ashcraft's opinion of debilitating impairments (see Tr. 23).   Notably, the conclusory nature of Dr. Ashcraft's opinion is, in itself, a recognized basis for discounting a treating physician's opinions.  See Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987).   Thus, Dr. Ashcroft opines, vaguely, that the plaintiff cannot work due to abdominal "pain" (Tr. 706). Additionally, whether the plaintiff is able to work is a vocational issue that is reserved for the Commissioner. 20 C.F.R. 404.1527(d)(1).  Dr. Ashcraft also asserts that the plaintiff cannot lift or stand for "extended periods" and requires "frequent" rest (Tr. 706), but does not quantify these limitations, which renders those assertions useless to the law judge in determining the plaintiff's residual functional capacity.

In all events, the law judge reasonably found that Dr. Ashcraft's opinion does not apply to the relevant time period.  Dr. Ashcraft began treating the plaintiff several months after the date the plaintiff was last insured. Furthermore, Dr. Ashcraft opined on the plaintiff's functioning

more than two years after the plaintiff's last date insured, and he did not expressly relate the opined limitations back to the pertinent disability period. Moreover, there is no basis to conclude that Dr. Ashcraft intended his opinion to be retroactive (much less relate back to a time before he even treated the plaintiff).[5]   Consequently, the law judge could reasonably discount Dr. Ashcraft's opinion as inapplicable to the relevant time period. See Anderson v. Schweiker, supra, 651 F.2d at 311, n.3; Whitton v. Commissioner, Social Security Administration, 643 Fed. Appx. 842, 847 (11th Cir. 2016) (rejecting an opinion that did not address the severity of the claimant's conditions before the claimant's last insured date); Hughes v. Commissioner of Social Security Administration, 486 Fed. Appx. 11, 14 (11th Cir. 2012) (A treating physician's opinion describing a claimant's condition after the date last insured is "not particularly relevant to whether [a claimant] [i]s disabled for purposes of DIB.").

Furthermore, the law judge found that Dr. Ashcraft's treatment notes of the plaintiff's activities were inconsistent with Dr. Ashcraft's opinion of disability, which also states good cause for discounting the

---

[5]To the contrary, Dr. Ashcraft opined on the plaintiff's limitations in the present tense, thereby indicating he was referring to the plaintiff's functioning when he wrote the letter in December 2015. Additionally, Dr. Ashcraft stated as a basis for his opinion the plaintiff's "medical regimen." However, the referenced medical regimen started months after the plaintiff's last insured date.

opinion of a treating physician.  See Magill v. Commissioner of Social Security, 147 Fed. Appx. 92, 94 (11th Cir. 2005) (The law judge "need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding her daily activities contradicts that opinion."); Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004); see also 20 C.F.R. 404.1529(c)(3)(i) (a claimant's daily activities are relevant to determine the extent to which a claimant's symptoms are disabling).  Thus, Dr. Ashcraft mentions several times in his treatment notes that the plaintiff was preparing to leave town for vacation, including a 10-day trip to England (see, e.g., Tr. 680, 940, 975).  Furthermore, Dr. Ashcraft stated that he saw the plaintiff "actually walking a 10K event and [she] tolerated things quite well" (Tr. 963). He also noted generally that she had been "very active, taking some trips and other activities" (Tr. 893).   Therefore, the law judge could reasonably find that Dr. Ashcraft's opinion the plaintiff was disabled was inconsistent with the plaintiff's activities in his treatment notes.

The plaintiff argues that "[t]here is no valid reason ... for rejecting the opinion of Dr. Ashcraft" (Doc. 12, p. 19).  Specifically, she contends "the fact that Dr. Ashcraft started treatment after the onset date should not disqualify his opinion" because her diagnosis of abdominal wall pain relates back to the alleged disability period (id., p. 22).  However, "[t]he

10

mere existence of an impairment does not reveal the extent to which it limits a claimant's ability to work..." Robinson v. Astrue, 365 Fed. Appx. 993, 995 (11th Cir. 2010). Rather, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1214 n.6 (11th Cir. 2005); Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).   Consequently, the presence of chronic abdominal pain does not, in itself, establish disability during the pertinent time period.

The plaintiff argues further that, "while [her pain] varied in intensity at times, it stayed at the same incapacitating level since the surgery" (Doc. 12, p. 23). The plaintiff does not include in this argument any citation supporting this assertion (see id.). The Scheduling Order and Memorandum Requirements directed that "discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards. Any contention for which these requirements are not met will be deemed forfeited and not evaluated" (Doc. 10, p. 2). Accordingly, this argument is forfeited.

Furthermore, the plaintiff's contention that her pain "stayed at the same incapacitating level since the surgery" (Doc. 12, p. 23) is undermined by medical records from May and August 2013 in which the

11

plaintiff reported (respectively), that her abdominal pain was "mild" and that following trigger point injections "she was basically pain free until the middle of September" (Tr. 552). The plaintiff stated, after that point, the pain returned and "gradually bec[a]me worse" (id.).

The plaintiff also objects to the law judge mentioning that objective testing was grossly negative (Doc. 12, p. 20). She argues that it is irrelevant because there is no diagnostic testing to confirm her abdominal wall pain (id.). The law judge did not reject Dr. Ashcraft's opinion on that basis (see Tr. 23).

Furthermore, the absence of objective evidence underscores that Dr. Ashcraft based his opinion of disabling impairments on the plaintiff's subjective reports of pain, which the law judge found were not fully credible (see Tr. 22–23). That determination is unchallenged. Therefore, in all events, it is appropriate for the law judge to consider the absence of supporting objective medical evidence in determining the weight to give Dr. Ashcraft's opinion. See Majkut v. Commissioner of Social Security, 394 Fed. Appx. 660, 664 (11th Cir. 2010) (discounting the weight given to a treating physician in part because the opinion was based on the plaintiff's subjective complaints which the law judge found were not credible).

12

The plaintiff also argues that her "activities were not inconsistent with her being unable to work" and quibbles that her "trips ... are simply part of life that goes on, even when one is disabled" (Doc. 12, pp. 20–22). Although participation in everyday activities of short duration does not disqualify a claimant from disability benefits, Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997), the law judge could reasonably find that the plaintiff's activities recounted in Dr. Ashcraft's treatment notes were neither short nor isolated (see supra, pp. 6–7, 10).

Finally, the plaintiff argues that the law judge inaccurately stated that she walked in a 10K event and bicycled three times a week (Doc. 12, pp. 20–21). With regard to the 10K event, the plaintiff states that she only attended the event to support a relative. This *post hoc* explanation was not before the law judge and, therefore, may not be considered on appeal. See Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253, 1267–68 (11th Cir. 2007). In all events, Dr. Ashcraft's treatment note clearly states, "When I last saw [the plaintiff] she was *actually walking a 10K event* and tolerated things quite well" (Tr. 963) (emphasis added). Thus, it was Dr. Ashcraft's impression that the plaintiff walked 10K, and the law judge could reasonably find that Dr. Ashcraft's treatment note is inconsistent with his opinion that the plaintiff was disabled.

13

The plaintiff also challenges the law judge's note that she bicycled several miles, asserting that is inaccurate because it is listed in the "social history" section of Dr. Ashcraft's treatment note, and it was not an activity that she did after the gallbladder operation (Doc. 12, p. 20–21). Dr. Ashcraft's treatment note did not indicate the plaintiff no longer bicycled (Tr. 552). Regardless, even omitting that activity from consideration, substantial evidence supports the law judge's finding that the plaintiff engaged in a level of activity inconsistent with Dr. Ashcraft's opinion of her functional limitations. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004) (claimant was not prejudiced by the court's alleged error because the law judge's decision was supported by substantial evidence).

In sum, the law judge stated good cause for discounting Dr. Ashcraft's opinion of debilitating functional limitations, and that determination is supported by substantial evidence. See Hargress v. Social Security Administration, Commissioner, supra, 883 F.3d at 1302; Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) ("Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.").

In all events, the plaintiff clearly has not identified any evidence which compelled the law judge to accept Dr. Ashcraft's opinion of disability. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027 (A finding of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings).

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _13th_ day of March, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE